UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09 B 12312 |
| | ) | |
| CURTIS P. ANDERSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

## MEMORANDUM OPINION

This matter comes before the court on the motion of Curtis Anderson to avoid the

lien of Blackburne & Brown Mortgage Fund I, Lee Wilson, Harrison Benjamin Scamon,

Jr. Revocable Living Trust and Richard Barbata (collectively, "Mortgage Fund"). The

parties briefed the issues raised both in the motion and in court. The court has reviewed

the papers and, for the reasons stated below, grants the motion.

## BACKGROUND

Creditor Mortgage Fund held a mortgage against real property owned by

Anderson at 543-549 West 74th Street, Chicago, Illinois. Mortgage Fund brought a

foreclosure suit against Anderson and obtained a deficiency judgment on December 5,

2001. Mortgage Fund recorded the judgment on December 12, 2001, and revived it on

December 5, 2008. The current amount of the judgment is approximately $171,000.

This judgment lien attached to Anderson's real property at 5247 S. Hermitage, Chicago,

Illinois (the "Hermitage Property").

Anderson sold the Hermitage Property in September 2003 to Donnethia Williams.

Ms. Williams reconveyed the Hermitage Property to Anderson in June 2005. When he

repurchased the Hermitage Property, Anderson took out a mortgage, now held by Wells

Fargo.

1

Anderson filed for relief under Chapter 13 of the Bankruptcy Code on April 7, 2009. He now seeks to avoid Mortgage Fund's judicial lien on the Hermitage Property as impairing his homestead exemption.

## ISSUES RAISED BY THE PARTIES

The parties each focus on a different issue in their briefs. Mortgage Fund asserts that its lien is senior to Wells Fargo's, even though Wells Fargo holds a purchase money mortgage. Since its judicial lien has priority over Wells Fargo's mortgage, argues Mortgage Fund, it cannot be avoided. Mortgage Fund also provides case law on the issue of whether a revived judgment retains the priority of the original judgment.

Anderson argues that lien priority is irrelevant, although he contends that Wells Fargo's purchase money mortgage is senior to Mortgage Fund's judgment lien. The court should apply the facts of the case to the test for avoiding a judicial lien as set forth in the Bankruptcy Code, and determine from that test whether or not the lien should be avoided.

Anderson does not dispute Mortgage Fund's assertion that its revived judgment has the same seniority as its original judgment, so the court need not address this issue.

## LEGAL DISCUSSION

The applicable statute is 11 U.S.C. § 522(f). Subsection (f)(1) states that a debtor may avoid a judicial lien that impairs an exemption, and subsection (f)(2)(A) instructs courts on how to determine whether a lien impairs an exemption:

[A] lien shall be considered to impair an exemption to the extent that the sum of –

    (i)     the lien;

    (ii)    all other liens on the property; and

2

    (iii)    the amount of the exemption that the debtor could claim if
there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in
the absence of any liens.

There is an exception to the lien avoidance provision if the underlying judgment

arises out of a mortgage foreclosure: "This paragraph shall not apply with respect to a

judgment arising out of a mortgage foreclosure." 11 U.S.C. § 522(f)(2)(C).

Mortgage Fund's lawsuit against Anderson in 2001 was a mortgage foreclosure

suit, and its judgment is a deficiency judgment from that suit. Although neither party

addressed the question of whether the exception applies, the court examined the issue <u>sua</u>

<u>sponte</u>. Case law is clear, however, that "mortgage deficiency judgments, by their nature

and operation, are sufficiently distinct from mortgage foreclosure proceedings to be

outside the purview of Section 522(f)(2)(C)." <u>In re Linane</u>, 291 B.R. 457, 460 (Bankr.

N.D. Ill. 2003). Consequently, the exception to the lien avoidance provision does not

control, and the court will apply the test set forth in 11 U.S.C. § 522(f)(2)(A).

The statute instructs the court to add together the lien, all other liens, and the

applicable exemption:

    1.        On August 14, 2009, Mortgage Fund filed a proof of claim in the

                amount of $174,452.82. Anderson filed an objection to the claim

                following this court's oral ruling that the motion to avoid lien

                would be granted in writing at a later date. The objection is only to

                the claim's status as secured, not to the amount. The court will

                take that amount as correct for purposes of this calculation.

2.         The amount of all other liens is $242,890.82.  This is the amount on Wells Fargo's proof of claim, which is "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).

3.         The amount of the exemption that Anderson could claim if there were no liens on the Hermitage Property is $15,000.00.

TOTAL:    $432,343.64.  The question is whether that total "exceeds the value that the debtor's interest in the property would have in the absence of any liens."

Anderson originally scheduled the Hermitage Property with a value of $230,000. He filed an amended Schedule A on November 21, 2009, valuing the property at $64,000. For the purposes of deciding this motion it does not matter which value is correct, because neither value is higher than $432,343.64, which is the sum of all the liens on the Hermitage Property, plus Anderson's exemption.  Because $432,343.64 "exceeds the value that the debtor's interest in the property would have in the absence of any liens," the judicial lien impairs Anderson's exemption, and should be avoided.  See In re Willett, 544 F. 3rd 787, 789-790 (7th Cir. 2008) (performing a calculation under § 522(f)(2)(A)).

There is not even a question of whether Mortgage Fund's lien should be only partially avoided.  Even if the Hermitage Property is valued as originally scheduled, at $230,000, that value is still less than the amount of the mortgage plus the exemption. The entire lien must be avoided.

Despite the result dictated by the formula in the statute, Mortgage Fund asserts that because its judicial lien has priority over Wells Fargo's mortgage, it cannot be avoided.  The court disagrees.  There is no exception in the lien avoidance statute for

judicial liens that are senior to a consensual, unavoidable lien such as a mortgage. The

Code provides the court with a mechanical formula to apply, regardless of lien priority.

If the court accepted Mortgage Fund's argument, it would be a determination that

§ 522(f)(2)(a)(ii)'s requirement to add "all other liens" should be interpreted to mean "all

other liens senior to the judicial lien that the debtor is trying to avoid." Congress could

have used these words, but did not. The plain language of the statute forecloses

Mortgage Fund's interpretation. Moreover, three Circuit-level opinions considered

Mortgage Fund's argument and rejected it.

In <u>In re Kolich</u>, 328 F. 3rd 406 (8th Cir. 2003), the debtors owned real property

with liens in the following order of priority: first mortgage, judicial lien, second

mortgage. The debtors moved to avoid the judicial lien as impairing their homestead

exemption. The bankruptcy court concluded, as Mortgage Fund asks the court to do here,

that the second mortgage should be excluded when applying the formula in section

522(f)(2), because that second mortgage was junior to the judicial lien. The Bankruptcy

Appellate Panel disagreed with that conclusion on appeal, reversing the bankruptcy

court's decision, and the Eighth Circuit affirmed the BAP.

The Circuit began its reasoning with the plain meaning of the statute, asking

> whether "all other liens" in subsection 522(f)(2)(A)(ii) includes
> consensual liens junior to the judicial lien at issue. Or, to state the issue
> more broadly, the question is whether Congress intended that this statutory
> formula disrupt lien priorities created by state law . . . .

328 F. 3rd at 410.

The Circuit concluded that indeed, Congress did intend an exception to the

general policy of looking "to state law to define the property rights and priorities of

creditors . . . . With the competing equities both hard to weigh and finely balanced, our

task is simply to apply 522(f)(2)(A) as Congress wrote it." Id.  Congress could have

easily written the statute to exclude junior consensual liens from the calculation, but it did

not.  Therefore, those junior liens -- such as Wells Fargo's mortgage in this case -- are

included in the calculation of "all other liens."

The court located no published opinion that disagreed with Kolich.   Instead, all

subsequent decisions to consider this issue followed Kolich's reasoning and conclusion.

In re Brinley, 403 F. 3rd 415 (6th Cir. 2005); In re Taras, 131 Fed. Appx. 167 (11th Cir.

2005); In re Charnock, 318 B.R. 720 (B.A.P. 9th Cir. 2004); In re Gilmer, 416 B.R. 187

(Bankr. M.D.N.C. 2009); In re Trahan, 337 B.R. 448 (Bankr. D. Conn. 2006); In re

Northern, 294 B.R. 821 (Bankr. E.D. Tenn. 2003).  This court will follow the unanimous

persuasive precedent.

Although the plain meaning of the statute is sufficient to reject Mortgage Fund's

argument, the court notes that the legislative history is instructive as well.  At the time it

enacted section 522(f)(2), defining when a lien impairs an exemption, Congress told us

that it intended to:

> overrule In re Simonson, 758 F. 2nd 103 (3rd Cir. 1985), in which the Third
> Circuit Court of Appeals held that a judicial lien could not be avoided in a
> case in which it was senior to a nonavoidable mortgage and the mortgages
> on the property exceeded the value of the property.

H.R. Rep. 103-835 at 53-54.

Both the plain meaning of the statute and the legislative history compel the

conclusion that Mortgage Fund's lien must be avoided.

6

## CONCLUSION

Mortgage Fund's argument that its lien has first priority and thus cannot be avoided must fail. This is true whether the value of the Hermitage Property is $230,000 or $64,000, because both amounts are still far below the sum of all the liens on the property plus Anderson's exemption. According to the formula set forth in 11 U.S.C. § 522(f)(2)(A), Mortgage Fund's lien impairs Anderson's exemption, and will be avoided.

DATE: **JAN 2 5 2010**

PAMELA S. HOLLIS
United States Bankruptcy Judge

7